UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA


JEFFREY CARTER,                    :
                                   :
          Plaintiff                :
                                   :
     v.                            :    CIVIL NO. 3:CV-05-2299
                                   :
OFFICER STEVE SANDERS, ET AL.,     :    (Judge Conaboy)
                                   :
          Defendants               :
_____


## MEMORANDUM AND ORDER
### Background

     Jeffrey Carter, an inmate presently confined at the York
County Prison, York, Pennsylvania, initiated this pro se civil
rights action pursuant to 42 U.S.C. § 1983.  The complaint is
accompanied by a request for leave to proceed in forma pauperis.
For the reasons set forth below, Carter's complaint will be
dismissed, without prejudice, as legally frivolous pursuant to the
screening provisions of 28 U.S.C. § 1915(e)(2)(B)(i).

     Named as Defendants are the York Area Regional Police
Department, its Chief, and Officer Steve Sanders.  Plaintiff
describes himself as being an African-American who was living in a
Dallastown, Pennsylvania residence owned by Carol Kinard in August,
2004.  During the middle part of that month, Carter went to another
home in Dallastown in order to give an estimate to two friends,
Leah and Danny Knisley, for repair of their ceiling.  After
Plaintiff returned to his residence later that same day, several

1

police officers arrived in three police vehicles, entered his home and placed him under arrest pursuant to two (2) outstanding warrants for unpaid parking tickets.  Carter adds that he felt embarrassed and humiliated to be taken from his residence without wearing a shirt.  He next maintains that the number of officers and police vehicles involved in his arrest was excessive.  Plaintiff also generally indicates that his residence was visually searched without his consent.  Officer Sanders then proceeded to question Carter regarding his affiliation with Mrs. Knisely.

Plaintiff contends that he was arrested, harassed and racially profiled by Sanders because of the officer's romantic interest in Mrs. Knisley.[1]  It is further alleged that Sanders was not truthful during the interrogation as demonstrated by the fact that said Defendant denied that he knew Carter was an African-American prior to entering the Plaintiff's residence.

Following his release on bail, Carter alleges that his landlord and neighbors treated him differently and he was eventually forced to move back to a less desirable area. Thereafter, the Plaintiff apparently resumed prior drug related activities which culminated in his arrest for violation of probation and caused his present ongoing incarceration.  His complaint seeks punitive damages, so he can move to a less racially hateful area, compensation for emotional pain and suffering, and

---

1.  Following the incident at issue, Leah Knisley allegedly told Plaintiff that she had gone out one evening with Sanders and she believed he was romantically interested in her.

2

that the York County Area Regional Police Department be compelled
to institute a more comprehensive diversity policy.

### Discussion

28 U.S.C. § 1915 imposes obligations on prisoners who file
civil actions in federal court and wish to proceed in forma
pauperis. § 1915(e)(2)provides:

> (2) Notwithstanding any filing fee, or any portion
> thereof, that may have been paid, the court shall
> dismiss the case at any time if the court determines
> that (A) the allegation of poverty is untrue; or (B)
> the action or appeal (i) is frivolous or malicious;
> (ii) fails to state a claim on which relief may be
> granted; or (iii) seeks monetary relief against a
> defendant who is immune from such relief.

A district court may determine that process should not be
issued if the complaint is malicious, presents an indisputably
meritless legal theory, or is predicated on clearly baseless
factual contentions. Neitzke v. Williams, 490 U.S. 319, 327-28
(1989); Wilson v. Rackmill, 878 F.2d 772, 774 (3d Cir. 1989).[2]  The
Court of Appeals for the Third Circuit has added that "the plain
meaning of 'frivolous' authorizes the dismissal of in forma
pauperis claims that . . . are of little or no weight, value, or
importance, not worthy of serious consideration, or trivial."
Deutsch v. United States, 67 F.3d 1080, 1083 (3d Cir. 1995).  "The
frivolousness determination is a discretionary one," and trial

---

2.  Indisputably meritless legal theories are those "in which it is
either readily apparent that the plaintiff's complaint lacks an
arguable basis in law or that the defendants are clearly entitled
to immunity from suit."  Roman v. Jeffes, 904 F.2d 192, 194 (3d
Cir. 1990) (quoting Sultenfuss v. Snow, 894 F.2d 1277, 1278 (11th
Cir. 1990)).

courts "are in the best position" to determine when an indigent litigant's complaint is appropriate for summary dismissal.  Denton v. Hernandez, 504 U.S. 25, 33 (1992).


**Officer Sanders**

As noted above, Plaintiff contends that Sanders subjected him to harassment, racial profiling and was not truthful when conducting post arrest questioning.  The complaint indicates that the Plaintiff was singled out by Sanders because he had a connection with a woman who was the object of the officer's romantic interest.

With respect to Carter's claim of racial profiling, the Plaintiff acknowledges that he was placed under arrest by Sanders and other officers pursuant to two (2) arrest warrants issued on the basis of unpaid parking tickets.  Furthermore, Carter repeatedly admits that Sanders' alleged improper conduct was due to the officer's romantic interest in Ms. Knisley, not the result of any racial animosity.  There are simply no facts alleged which could support a claim that the Plaintiff's arrest was the result of unconstitutional racial profiling.

Plaintiff next contends that he was subjected to harassment by Sanders.  As noted above, Carter admits that his arrest was the result of two lawful arrest warrants.  There are no allegations that Plaintiff was subjected to any unnecessary or excessive use of force by Sanders.  Furthermore, there are also no facts set forth in the complaint to support Plaintiff's apparent claim that an

4

excessive amount of police officers and vehicles used to execute the arrest warrants and that the alleged excessive response was initiated by Sanders.  Clearly, the mere purported employment of three (3) police vehicles to effect the Plaintiff's arrest does not by itself provide a viable foundation for a § 1983 claim.

It has been held that the use of words, however violent, generally cannot constitute an assault actionable under § 1983. Johnson v. Glick, 481 F.2d 1028, 1033 n.7 (2d Cir.), cert. denied, 414 U.S. 1033 (1973); Maclean v. Secor, 876 F. Supp. 695, 698-99 (E.D. Pa. 1995); Murray v. Woodburn, 809 F. Supp. 383, 384 (E.D. Pa. 1993) ("Mean harassment . . . is insufficient to state a constitutional deprivation."); Prisoners' Legal Ass'n v. Roberson, 822 F. Supp. 185, 189 (D.N.J. 1993) ("[V]erbal harassment does not give rise to a constitutional violation enforceable under § 1983."); and Jones v. Superintendent, 370 F. Supp. 488, 491 (W.D. Va. 1974).

Further, it has also been held that a constitutional claim based only on verbal threats will fail regardless of whether it is asserted under the Eighth Amendment's cruel and unusual punishment clause, see Prisoners' Legal Ass'n, 822 F. Supp. at 189, or under the Fifth Amendment's substantive due process clause, see Pittsley v. Warish, 927 F.2d 3, 7 (1st Cir.), cert. denied, 502 U.S. 879 (1991).

It is equally well-settled that defamation is actionable under § 1983 only if it occurs in the course of or is accompanied by a change or extinguishment of a right or status guaranteed by

5

state law or the Constitution.  Paul v. Davis, 424 U.S. 693, 701 (1976).  The standard for recovery set forth in Paul has been repeatedly applied by the courts of this circuit.  See Clark v. Township of Falls, 890 F.2d 611 (3d Cir. 1989); Strum v. Clark, 835 F.2d 1009 (3d Cir. 1987); and Balliet v. Whitmire, 626 F. Supp. 219 (M.D. Pa. 1986).

Carter fails to allege that Sanders' questioning resulted in the deprivation of any liberty or property recognized by state or federal law, nor has he shown any change in his legal status under state law.  The complaint also does not indicate that Sanders verbally threatened or defamed Carter in any way.  Rather, Plaintiff claims only that Sanders was not entirely truthful and asked questions regarding Mrs. Knisely which were unrelated to the ongoing arrest.  Pursuant to the applicable standards outlined above, Sanders' alleged questioning tactics, although arguably inappropriate, do not rise to the level of a constitutional violation.  Thus, Plaintiff's claim of harassment lacks arguable legal merit.

Finally, Carter's attempt to place liability on Sanders for his subsequent eviction and return to drug related activity is misplaced.  Even if Defendant Sanders took personal advantage of the Plaintiff's apprehension, there are simply no facts alleged which could support a claim that the Plaintiff was subjected to unconstitutional treatment.  Since the alleged conduct of Officer Sanders is insufficient to establish a constitutional violation, said defendant is entitled to entry of dismissal.

**Chief of Police**

One of the defendants is identified as being the Chief of the York Area Regional Police Department.  Carter's complaint generally indicates that the Chief failed to prevent Officer Sanders's actions and initiate a policy to prevent his or her officers from acting in a malicious manner.

A plaintiff, in order to state a viable civil rights claim under § 1983, must plead two essential elements:  (1) that the conduct complained of was committed by a person acting under color of state law, and (2) that said conduct deprived the plaintiff of a right, privilege, or immunity secured by the Constitution or laws of the United States.  <u>Groman v. Township of Manalapan</u>, 47 F.3d 628, 638 (3d Cir. 1995); <u>Shaw by Strain v. Strackhouse</u>, 920 F.2d 1135, 1141-42 (3d Cir. 1990).

Civil rights claims also cannot be premised on a theory of <u>respondeat superior</u>.  <u>Rode v. Dellarciprete</u>, 845 F.2d 1195, 1207 (3d Cir. 1988).  Rather, each named defendant must be shown, via the complaint's allegations, to have been personally involved in the events or occurrences which underlie a claim.  <u>See Rizzo v. Goode</u>, 423 U.S. 362 (1976); <u>Hampton v. Holmesburg Prison Officials</u>, 546 F.2d 1077 (3d Cir. 1976).  As explained in <u>Rode</u>:

> A defendant in a civil rights action must have personal involvement in the alleged wrongs. . . . [P]ersonal involvement can be shown through allegations of personal direction or of actual knowledge and acquiescence.

<u>Rode</u>, 845 F.2d at 1207.

Other than being named as a defendant, the complaint fails to set forth any specific averments with respect to the Chief of Police.  There is no allegation asserted that the alleged constitutional mistreatment was ordered or condoned by the Chief. Likewise, there are no facts alleged which support a claim that a violation of Plaintiff's constitutional rights resulted from a policy or custom approved by the Chief.

There are no allegations that the Defendant had any knowledge, participation or acquiescence in the alleged deprivations.  It is apparent that the Plaintiff is attempting to establish liability against the Chief of Police solely on the basis of his or her supervisory capacity.  Consequently, under the standards announced in Rode, the claims against Defendant Chief of Police are also appropriate for summary dismissal.

**York Area Regional Police Department**

A police department is a sub-unit of city government and is generally not a person subject to suit under § 1983.  E.g., Irvin v. Borough of Darby, 937 F. Supp. 446, 450 (E.D. Pa. 1996); DiNicola v. DiPaolo, 945 F. Supp. 848, 864 (W.D. Pa. 1996); Johnson v. City of Erie, 834 F. Supp. 873, 878-79 (W.D. Pa. 1993); PBA Local No. 38 v. Woodbridge Police Dep't, 832 F. Supp. 808, 825 (D.N.J. 1993).

However, a municipal body or other local governmental unit, not part of a state for Eleventh Amendment purposes, is a "person" subject to suit under 42 U.S.C. § 1983.  Monell v. Department of

<u>Social Servs.</u>, 436 U.S. 658, 690-91 (1978)("Congress <u>did</u> intend municipalities and other local government units to be included among those persons to whom § 1983 applies.") "Local governing bodies, like every other § 1983 'person,' by the very terms of the statute, may be sued for constitutional deprivations visited pursuant to governmental 'custom' even though such a custom has not received formal approval through the body's official decisionmaking channels." <u>Id</u>. <u>See also</u> <u>Board of County Comm'rs of Bryan County, OK v. Brown</u>, 520 U.S. 398, 403-07 (1997); <u>Roman v. Jeffes</u>, 904 F.2d 192, 196-97 (3d Cir. 1990); <u>Illiano v. Clay Township</u>, 892 F. Supp. 117, 121 (E.D. Pa. 1995).

However, it has been repeatedly held that a municipality may not be subjected to § 1983 liability on a theory of <u>respondeat superior</u>. <u>Bryan County</u>, 520 U.S. at 403; <u>City of Canton v. Harris</u>, 489 U.S. 378, 392 (1989); <u>Pembaur v. Cincinnati</u>, 475 U.S. 469, 478-79 (1986); <u>Monell</u>, 436 U.S. at 691; <u>Beck v. City of Pittsburgh</u>, 89 F.3d 966, 971 (3d Cir. 1996); <u>Andrews v. City of Philadelphia</u>, 895 F.2d 1469, 1480 (3d Cir. 1990). Rather, "... a plaintiff seeking to impose liability on a municipality under § 1983 [is required] to identify a municipal 'policy' or 'custom' that caused the plaintiff's injury." <u>Bryan County</u>, 520 U.S. at 403; <u>Beck</u>, 89 F.3d at 971. In <u>Bryan County</u>, the United States Supreme Court elaborated on the showing required for municipal liability under § 1983, stating:

> . . . [I]t is not enough for a § 1983
> plaintiff merely to identify conduct
> properly attributable to the municipality.
> The plaintiff must also demonstrate that

9

> through its deliberate conduct, the
> municipality was the 'moving force' behind
> the injury alleged.  That is, a plaintiff
> must show that the municipal action was
> taken with the requisite degree of
> culpability and must demonstrate a direct
> causal link between the municipal action
> and the deprivation of federal rights.

Id. at 404; see Kneipp v. Tedder, 95 F.3d 1199, 1213 (3d Cir. 1996).

The United States Court of Appeals for the Third Circuit has held that a municipality can be held liable under § 1983 "only when 'execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury.'"  Andrews, 895 F.2d at 1480 (citing Monell, 436 U.S. at 694).[3]

---

3.   There are two ways in which a governmental policy or custom is established:

> Policy is made when a 'decisionmaker
> possess[ing] final authority to establish
> municipal policy with respect to the
> action' issues an official proclamation,
> policy, or edict.  Pembaur v. City of
> Cincinnati, 475 U.S. 469, 481, 106 S. Ct.
> 1292, 1299, 89 L. Ed. 2d 452 (1986).  A
> course of conduct is considered to be a
> 'custom' when, though not authorized by
> law, 'such practices of state officials
> [are] so permanent and well settled' as to
> virtually constitute law.  Monell, 436
> U.S. at 690, 98 S. Ct. at 2035 (quoting
> Adickes v. S.H. Kress & Co., 398 U.S. 144,
> 167-68, 90 S. Ct. 1598, 1613-14, 26 L. Ed.
> 2d 142 (1970)).  Accord Anela v. City of
> Wildwood, 790 F.2d 1063, 1067 (3d Cir.
> 1986).

A review of the present complaint establishes that Carter has not set forth any claim that his constitutional rights were violated as the result of any York Area Regional Police Department policy or custom.  Consequently, the Police Department is also entitled to entry of summary dismissal.

**Conclusion**

Since Plaintiff's complaint is "based on an indisputably meritless legal theory," it will be dismissed, without prejudice, as legally frivolous.  <u>Wilson</u>, 878 F.2d at 774.  An appropriate Order will enter.

AND NOW, THEREFORE, THIS 30th DAY OF NOVEMBER, 2005, IT IS HEREBY ORDERED THAT:

1. The Plaintiff's complaint is dismissed without prejudice as frivolous pursuant to 28 U.S.C. § 1915 (e)(2)(B)(i).
2. The Clerk of Court is directed to close the case.
3. Any appeal from this order will be deemed frivolous, without probable cause and not taken in good faith.
4. Plaintiff's motion for appointment of counsel (Doc. 2) is denied as moot.

<u>S/Richard P. Conaboy</u>
RICHARD P. CONABOY
United States District Judge